John W. GUTHRIE, aka Johnny
Guthrie, Plaintiff—
Appellant,

v.

SCOTTSDALE, CITY OF, an Arizona
municipal corporation and a political
subdivision of the State of Arizona; et
al., Defendants—Appellees.

No. 03-17279.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 14, 2005.

Gregory S. Fisher, Esq., Jaburg & Wilk,
P.C., Phoenix, AZ, for Plaintiff-Appellant.

Kraig J. Marton, Esq., Jaburg & Wilk,
PC, Thomas Mvvay, Esq., Phoenix, AZ,
David R. Schwartz, Esq., Bradley D. Gard-
ner, Esq., Udall, Shumway, Blackhurst, Al-
len & Lyons, Mesa, AZ, for Defendants-
Appellees.

Before: D.W. NELSON, RAWLINSON,
and BEA, Circuit Judges.

MEMORANDUM *

John W. Guthrie appeals the district
court's grant of summary judgment
against his claim that appellee City of
Scottsdale violated his First Amendment
rights by firing him from his position as
Assistant City Attorney / Police Legal Ad-

visor. We have jurisdiction pursuant to 28
U.S.C. § 1291, and we affirm.

A public employee's status as a "policy-
making" employee disposes of any First
Amendment retaliation claim under 42
U.S.C. § 1983. *Walker v. City of Lake-
wood*, 272 F.3d 1114, 1131 (9th Cir.2001);
*Biggs v. Best, Best & Krieger*, 189 F.3d
989, 994–95 (9th Cir.1999); *Fazio v. City
and County of San Francisco*, 125 F.3d
1328, 1332 (9th Cir.1997). We need not
address Guthrie's contention that the rule
of these cases should be limited to speech
implicating official policies or political pur-
pose and support, for we find that the
speech for which Guthrie was fired falls
clearly within such parameters.

Taking into account the factors set forth
in *Walker*, 272 F.3d at 1132, we agree with
the district court that the facts conceded
by Guthrie are sufficient to compel the
determination that he was a policymaker.
The inherent duties of Guthrie's position
were very similar to those of the lawyer
held to be a policymaker in *Biggs*. *See* 189
F.3d at 996; *see also id.* at 995 (noting
that courts faced with the issue have al-
most always deemed city-government at-
torneys other than public defenders to be
policymakers). Guthrie was a policymaker
because speech-based requirements were
appropriate for the effective performance
of his public office. *See id.* at 996.

**AFFIRMED.**

---

\* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36–3.